

**MEMO ENDORSED**

**manatt**
manatt | phelps | phillips

RECEIVED JUL 3 1 2007 CHAMBERS OF DEBORAH A. BATTS U.S.D.J.

Lauren Reiter Brody
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 790-4518
Direct Facsimile: (212) 536-1825
E-mail: LBrody@Manatt.com

July 30, 2007

Client-Matter: 29486-030

MEMO ENDORSED

**BY HAND DELIVERY**

Honorable Deborah A. Batts
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/2007

Re:   Metro-Goldwyn-Mayer Studios Inc. v. TPS Gestion, S.A., et al.
      07 Civ. 2918 (DAB)

Dear Judge Batts:

Denied
s/ DAB
8/3/2007

We represent defendants TPS Gestion, S.A., TPS Société En Nom Collectif, Canal + France S.A., and Groupe Canal + S.A. I write to request additional pages to reply to plaintiff's opposing papers on defendants' motion to dismiss.

This action by Metro-Goldwyn-Mayer Studios Inc. arises out of a license agreement with defendant TPS Société En Nom Collectif ("TPS SNC") relating to the exhibition of certain of plaintiff's films and television programs on TPS SNC's pay TV services. Plaintiff asserts claims for breach of contract and tortious interference, and seeks specific performance and compensatory and punitive damages. The complaint is lengthy, with 23 pages of allegations and voluminous exhibits.

Defendants moved to dismiss the complaint for lack of jurisdiction and failure to state a claim. There are various grounds for each branch of the motion. For example, with respect to jurisdiction, certain of the defendants, which are all French entities, are not signatories to the agreement which contains the forum selection clause designating New York as the situs for any litigation. Moreover, these entities are not subject to jurisdiction under the Federal Rules of Civil Procedure or the New York CPLR. With respect to the claims, the controlling agreement, and its various annexes and amendments, show that there was no breach of contract, that plaintiff has not stated (and cannot state) a claim for tortious interference and that plaintiff is not entitled to the equitable remedy of specific performance.

MEMO ENDORSED

manatt
manatt | phelps | phillips

MEMO ENDORSED

Honorable Deborah A. Batts
July 30, 2007
Page 2

    Plaintiff responded to the motion with an affidavit with numerous exhibits and a 25-page memorandum of law. The papers raise new issues which must be addressed, including questions of successor liability and "frustration of condition". These are all matters of law, which may be determined on this motion. However, in order properly to reply on behalf of each of the defendants – some of which are differently situated – additional pages are required.

    Accordingly, defendants request permission to submit a reply brief of 17 pages. We appreciate the Court's consideration of this request.

                          Respectfully submitted,

                          Lauren Reiter Brody

LRB:rsb

cc: Andrew L. Deutsch, Esq.

SO ORDERED

Deborah A. Batts
DEBORAH A. BATTS   8/3/2007
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED
MEMO ENDORSED
MEMO ENDORSED