**EXHIBIT 2**



DLA Piper US LLP
1251 Avenue of the Americas, 29th Floor
New York, New York 10020-1104
www.dlapiper.com

Andrew L. Deutsch
andrew.deutsch@dlapiper.com
T 212.335.4880
F 212.884.8580

July 6, 2007
BY HAND DELIVERY

The Honorable Deborah A. Batts
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2510
New York, New York 10007

Re: Metro-Goldwyn-Mayer Studios, Inc. v. TPS Gestion, S.A., TPS Societe en Nom Collectif, Canal+ France S.A. and Groupe Canal+ S.A., 07 Civ. 2918 (DAB)

Dear Judge Batts:

We are counsel for Metro-Goldwyn-Mayer Studios, Inc. ("MGM"), plaintiff in the above-captioned case. We write, pursuant to Rule II(B) of the Court's Individual Practices, to request either a pre-motion conference with the Court, or instructions that no such conference is needed before MGM makes a cross-motion for expedited jurisdictional discovery.

On June 8, 2007, the defendants in the case filed, in lieu of an answer to the complaint, a motion to dismiss the complaint. One branch of the motion seeks dismissal of the complaint as to all defendants except TPS Societe en Nom Collectif ("TPS SNC"), under Fed. R. Civ. P. 12(b)(2), on grounds that these parties are not subject to personal jurisdiction in New York because they did not sign an agreement between MGM and TPS SNC which contains a New York forum selection clause. Defendants also contend that they are not subject to personal jurisdiction in New York under Fed. R. Civ. P. 4(k) and the New York laws governing long-arm jurisdiction over non-residents. In particular, the non-TPS SNC defendants have contended that none of them are doing business in New York.

MGM's research has uncovered material in the public domain indicating that, contrary to this assertion, defendant Groupe Canal+, a large French media company which owns and controls the other defendants, is doing business in New York on a regular and systematic basis, on its own and through its wholly-owned motion picture studio subsidiary, Studio Canal. These acts include frequent use of New York as a location for filming motion pictures, promotion of defendant's films at the New York Film Festival, and contracting for rights and content with New York-based businesses such as the National Basketball Association. In addition, MGM's research indicates that Studio Canal, although nominally a separate entity, may be functioning as a "mere department" or "agent" of Groupe Canal+, and the business that it does in New York may therefore be ascribed to Groupe Canal+ or other defendants for jurisdictional purposes. *See Koehler v. Bank of Bermuda*, 101 F.3d 863, 865 (2d Cir. 1996)



The Honorable Deborah A. Batts
July 6, 2007
Page Two

    Where a plaintiff has shown some facts that "would support a colorable claim" that a related entity's New York activities are ascribable to the defendant, *Ayyash v. Bank Al-Medina*, 04 Civ. 9201 (GEL), 2006 U.S. Dist. LEXIS 9677 (Mar. 9. 2006) at *5, our courts regularly permit discovery of jurisdictional facts before ruling on a Rule 12(b)(2) motion. *See Hollings v. United States Tennis Ass'n*, 469 F. Supp.2d 67, 70-71 (E.D.N.Y. 2006). Jurisdictional discovery is particularly appropriate where, as here, "the facts necessary to establish personal jurisdiction ... lie exclusively within the defendant's knowledge." *Winston & Strawn v. Dong Won Secs. Corp.*, 02 Civ. 0183, 2002 U.S. Dist. LEXIS 20952 (Nov. 4, 2002) at *16. Discovery also helps the Court to reach a more accurate judgment on jurisdiction than if it were to rule solely on the basis of party affidavits. *Id.*

    MGM therefore requests leave to make a cross-motion for an order (1) deferring decision on defendants' motion to dismiss pursuant to Fed. R. Civ. 12(b)(2), (2) permitting MGM to take expedited discovery of Groupe Canal+ and its subsidiaries with respect to jurisdictional issues, and (3) permitting the parties to submit supplemental briefing on the issue of jurisdiction based upon the results of this discovery. As part of its cross-motion papers, MGM would supply the Court with declarations setting forth the research described above that shows, at minimum, a colorable basis for jurisdiction over the other defendants, and thus a basis for jurisdictional discovery.

    Under the current so-ordered stipulation between the parties, MGM must file papers in opposition to the motion to dismiss by July 13, 2007. We respectfully request that the Court advise counsel to the parties before July 13, 2007, whether MGM may serve its cross-motion papers on that date, or, alternatively, schedule a pre-motion conference before that date to discuss a separate briefing schedule for MGM's cross-motion.

                                     Sincerely yours,

                                     Andrew L. Deutsch

cc:    Lauren Reiter Brody, Esq. (attorney for defendants)

NEWY1\8122674.1