**EXHIBIT 3**



**Lauren Reiter Brody**
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 790-4518
Direct Facsimile: (212) 536-1825
E-mail: LBrody@Manatt.com

July 10, 2007

Client-Matter: 29486-030

**BY HAND DELIVERY**

Honorable Deborah A. Batts
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

      Re:   Metro-Goldwyn-Mayer Studios Inc. v. TPS Gestion, S.A., et al.
             07 Civ. 2918 (DAB)

Dear Judge Batts:

      We represent defendants in the above-referenced action. I write in response to the July 6 letter to the Court of Andrew Deutsch, counsel for plaintiff.

      On June 13, defendants served their motion to dismiss plaintiff's complaint (i) pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim, and (ii) pursuant to Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction over defendants TPS Gestion, S.A., Canal+ France S.A., and Groupe Canal+ S.A. Plaintiff requested additional time to prepare its papers, and defendants agreed. Accordingly, the date for plaintiff to respond to the motion was extended to July 13.

      A week before the papers are due, plaintiff submitted a letter to your Honor seeking permission to make a motion for "expedited jurisdictional discovery" with respect to one of the defendants, Groupe Canal+ S.A. This discovery is sought on a basis nowhere alleged in the complaint, i.e., that the business activities of a different company, which plaintiff admits is a "separate entity", may be ascribed to Groupe Canal+ S.A. (Deutsch Ltr. at 1). Plaintiff raised this matter for the first time in its letter and did not confer prior to communicating with the Court.

      Plaintiff is not entitled to any such discovery. Plaintiff has not made out a prima facie case for personal jurisdiction over Groupe Canal+ S.A., and discovery would be a meaningless and expensive exercise. In Jazini v. Nissan Motor Company, 148 F.3d 181 (2d Cir. 1998), the Second Circuit set the standard for when a court should exercise its discretion to permit discovery against a foreign entity on the basis of allegations about a subsidiary in the forum state. The Court made clear that "the presence of the subsidiary alone does not establish the

7 Times Square, New York, New York 10036  Telephone: 212.790.4500  Fax: 212.790.4545
Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | Washington, D.C.


manatt | phelps | phillips

The Honorable Deborah A. Batts
July 10, 2007
Page 2

parent's presence in the state", and there must be a showing that the subsidiary is an "agent" or a "mere department" of the foreign parent. Id. at 184. A subsidiary is an "agent" for jurisdictional purposes when it "does all the business which the parent corporation could do were it here". Id. at 184-85. To establish that a subsidiary is a "mere department" of the foreign parent, plaintiff must show four factors, including "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities". Id.

Plaintiff has not made any such showing. Plaintiff asserts only that Studio Canal is "wholly-owned" by Groupe Canal+ S.A. and that it does business in New York on a "regular and systematic basis" (Deutsch Ltr. at 1). Such unsupported and conclusory statements are insufficient to compel discovery, and the Second Circuit so confirmed in Jazini in denying a motion for expedited jurisdictional discovery, where, as here, the plaintiff proffered "conclusory statements without any supporting facts", which are "but a restatement, with slight changes, of the legal standard". Id. at 184-85. See also Best Van Lines, Inc. v. Walker, 2007 U.S. App. LEXIS 15152 at 46 (June 26, 2007) ("the district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction").

Plaintiff's own case, Hollins v. United States Tennis Ass'n, 469 F. Supp.2d 67, 70-71 (E.D.N.Y. 2006), further demonstrates that the Second Circuit distinguishes between situations where a plaintiff makes a "sufficient start towards establishing personal jurisdiction" and those where a plaintiff offers only "sparse" and "conclusory" allegations.

It is also telling that plaintiff's complaint contains no allegations whatsoever concerning Studio Canal. As this Court has recognized in a case cited by plaintiff, "contacts [with the forum state] must also bear a 'substantial nexus' to the [plaintiff]'s claims". Ayyash v. Bank Al-Medina, 2006 U.S. Dist. LEXIS 9677, at *13 (S.D.N.Y. Mar. 9, 2006). There is no nexus at all between the allegations in plaintiff's complaint and Studio Canal, and jurisdictional discovery is improper absent the requisite nexus.

The other cases cited by plaintiff do not advance its argument either. In Koehler v. Bank of Bermuda, 101 F.3d 863, 865 (2d Cir. 1996), the Second Circuit did not even reach the jurisdictional issue. In Winston & Strawn v. Dong Won Secs. Corp., 2002 U.S. Dist. LEXIS 20952 (S.D.N.Y. Nov. 4, 2002), discovery was permitted because, in contrast to the case at bar, the plaintiffs provided substantial evidence to establish a nexus between the subsidiary and the allegations in the complaint.

It would be unfair and burdensome to compel French companies, which have nothing to do with the agreement at issue in the complaint and which have no presence in New York, to


manatt | phelps | phillips

The Honorable Deborah A. Batts
July 10, 2007
Page 3

submit to discovery. And, indeed, such discovery is generally unavailable under French procedure, and plaintiff would be required to apply to a French court. Plaintiff also ignores the meritorious grounds for dismissal under Rule 12(b)(6), Fed. R. Civ. P, which will render moot any jurisdictional discovery. At a minimum, this branch of the motion should be decided before plaintiff's request is entertained.

In light of the foregoing, the relief sought by plaintiff should be denied. However, should discovery be permitted, plaintiff should bear the costs thereof.

Respectfully submitted,

Lauren Reiter Brody

cc: Andrew L. Deutsch, Esq.

80398276.3